**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

**CIVIL ACTION NO. 07-52-JBC**

**LEONA SUE GRIFFIN,**                                                **PLAINTIFF,**

**V.**                **MEMORANDUM OPINION AND ORDER**

**MICHAEL J. ASTRUE, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,**                  **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon cross-motions for summary judgment on the plaintiff's appeal of the Commissioner's denial of her application for Supplemental Security Income (DE 5, 8). The court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiff's motion and grant the defendant's motion.

**I. Overview of the Process**

Judicial review of the Administrative Law Judge's ("ALJ") decision to deny supplemental security income is limited to determining whether there is substantial evidence to support the denial decision and whether the Secretary properly applied relevant legal standards. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (citing *Richardson v. Perales*, 402 U.S. 389 (1971)). "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). The court does not try the case *de novo* or resolve conflicts in the evidence; it also does not decide questions of credibility. *See id.* Rather, the ALJ's decision must be affirmed if it is supported by substantial evidence, even though the court might have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. At Step 1, the ALJ considers whether the claimant is performing substantial gainful activity; at Step 2, the ALJ determines whether one or more of the claimant's impairments are "severe"; at Step 3, the ALJ analyzes whether the claimant's impairments, singly or in combination, meet or equal a listing in the Listing of Impairments; at Step 4, the ALJ determines whether the claimant can perform past relevant work; and, finally, at Step 5 – the step at which the burden of proof shifts to the Commissioner – the ALJ determines, once it is established that the claimant cannot perform past relevant work, whether significant numbers of other jobs exist in the national economy which the claimant can perform. *See Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); 20 C.F.R. § 404.1520.

**II. The ALJ's Determination**

At the time of the hearing, the plaintiff was a thirty-eight-year-old female with a high school education. AR 22, 337. She alleges disability beginning November 1, 2003, due to back problems, shortness of breath, depression and

anxiety.  AR 14, 82, 106.  The plaintiff filed her claim for supplemental income benefits on October 18, 2004, which was denied initially and on reconsideration. AR 14.  After a hearing held on October 25, 2006, Administrative Law Judge Gregory O. Varo determined that the plaintiff did not suffer from a disability as defined by the Social Security Act.  AR 14.  At Step 1, the ALJ determined that the plaintiff had not engaged in substantial gainful activity since the alleged onset of disability.  AR 16.  At Step 2, the ALJ found that the plaintiff's combination of impairments was a severe impairment.[1]  The ALJ then determined that the plaintiff's impairment did not meet or equal a listing in the Listing of Impairments at Step 3.  AR 16.  At Step 4, the ALJ found that the plaintiff did not have past relevant work.  AR 22.  Finally, at Step 5 the ALJ found that with the plaintiff's residual functional capacity ("RFC"), jobs exist in a significant number in the national economy that the plaintiff can perform, and the ALJ therefore denied the plaintiff's claims for Supplemental Security Income.  AR 22, 24. The plaintiff appealed to the Appeals Council, her appeal was denied, and the plaintiff commenced this action.

**III. Legal Analysis**

The plaintiff disagrees that the ALJ's decision was supported by substantial evidence, claiming the ALJ erred in assessing the functional limitations listed by Dr.

---

[1] The plaintiff had the following severe combination of impairments: mild COPD, chronic low back pain, obesity, depressive disorder, and anxiety disorder. AR 16.

Dixie Moore in determining whether the plaintiff met the requirements necessary to engage in public work. Dr. Moore, an Agency psychologist and expert witness, testified at the hearing and reviewed the plaintiff's medical evidence of record. AR 330. The plaintiff contends Dr. Moore's findings that the plaintiff has a fair to poor ability to deal with the public, deal with work stresses and understand and carry out detailed job instructions illustrate an inability to function at a public job and were not taken into account by the vocational expert's testimony that jobs were available.[2] Not only were those findings by Dr. Moore accepted by the ALJ and incorporated in the RFC,[3] they were also included in the hypothetical question posed to the vocational expert. For the testimony of a vocational expert to "prov[e] the existence of a substantial number of jobs that [a] plaintiff can perform, other than her past work, the testimony must be given in response to a hypothetical question that accurately describes the plaintiff" in all relevant and significant respects. *Felisky v. Bowen,* 35 F.3d 1027, 1036 (6th Cir. 1994). At the hearing, the ALJ posed a hypothetical question that included the mental limitations to which the plaintiff draws this court's attention. More specifically, the ALJ asked the vocational expert to assume an individual "limited to simple, repetitive tasks with a

---

[2] "Fair" indicates an ability is satisfactory. AR 19. "Poor" indicates an ability is limited but not totally precluded. AR 334.

[3] In addition to the physical ability findings made by the ALJ, his RFC finding of the plaintiff included findings that she has a fair to poor ability to deal with the public and a fair to poor ability to deal with work stresses, and that she can perform limited to simple repetitive tasks. AR 21.

fair to poor ability to deal with the public.  And a fair to poor ability to deal with work stresses."  AR 336.  Based on that hypothetical, the vocational expert testified that jobs exist in the light and sedentary area in significant numbers in the local and national economy.[4]

Additionally, other evidence supports the finding that the plaintiff can perform bench assembly and inspecting jobs.  Dr. Hundley, a psychologist, noted that the plaintiff listed no current or past nervous or mental problems.  AR 104.  The plaintiff indicated she had no trouble in following work rules and getting along with supervisors and coworkers.  AR 104.  Dr. Moore also opined that the claimant had a fair ability to follow work rules, relate to co-workers, use judgment, interact with supervisors, function independently, maintain attention and concentration to perform specific tasks, and understand, remember and carry out simple job instructions.  AR 19, 290-291.  The court finds that the ALJ's hypothetical question, the vocational expert's response, and the ALJ's ultimate opinion were supported by and consistent with substantial evidence in the record.

**IV. Conclusion**

Accordingly,

**IT IS ORDERED** that the Commissioner's motion for summary judgment (DE 8) is **GRANTED**.

---

[4]Specifically, in the Kentucky area there are 13,000 (light) and 2,000 (sedentary) assembly job positions and 7,000 (light) and 1,100 (sedentary) inspecting and checking job positions.

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment (DE 5) is **DENIED**.

Signed on  January 28, 2008

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCY